IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEON LABRONE KELLEY, JR. ) | |
| ) | Civil Action No. 7:21-cv-00499 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COL. JEFFREY NEWTON, *et al.*, ) | By:   Hon. Thomas T. Cullen |
| ) |        United States District Judge |
| Defendants. ) | |

Plaintiff Leon LaBrone Kelley, Jr., a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against several staff at the Middle River Regional Jail and seeks leave to proceed *in forma pauperis*. Having reviewed Kelley's request and amended complaint, the court will grant his request to proceed *in forma pauperis* but concludes that Kelley fails to state a cognizable § 1983 claim against the named defendants. Accordingly, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Kelley appears to assert two claims in his amended complaint. The court construes his first claim as alleging a violation of his right to medical privacy, as codified in the Health Insurance Portability and Accountability Act ("HIPAA"), arising out of a visit to the hospital to treat an unspecified heart condition. Specifically, Kelley alleges that, "during the medical assessment with medical person[n]el at Augusta Health[,] Officer Kiger remained in the room as doctors assessed [his] condition." (Am. Compl. Ex. A(2) [ECF No. 10].) Kelley also alleges that Officer Kiger later shared Kelley's medical information with Officer Kirtley and other jail personnel. (*Id.*)

The second claim involves an alleged violation of Kelley's right to free exercise of his religion as protected by the First Amendment. Kelley asserts that he is a practicing Sunni Muslim and that part of the Muslim faith includes "the wearing of the Kufi." (Am. Compl. Ex. B(1).) He claims that he was "informed by Sgt. F. Dull and Cpl. Abdullah that the Kufi . . . could only be worn and adorned in [his] cell and not in the presence of others in the pods, halls, or outside locations." As relief, Kelley seeks "Summary Judg[]ment and Proper Regulations Applied." (Am. Compl. ¶ H.) Kelley's complaint is before the court for review under 28 U.S.C. § 1915(e)(2).

## II.

Because Kelley is proceeding *pro se*, the court is obligated to review his complaint under a more lenient standard than would be applied to a pleading drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "[l]ike plaintiffs who are represented by counsel, a *pro se* plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" *Brody v. N.C. State Bd. of Elections*, No. 3:10-cv-383, 2011 WL 1843199, at *4 (W.D.N.C. May 16, 2011) (quoting *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)).

Section 1983 of Title 42 of the U.S. Code creates a private cause of action against any person who, acting under color of law, violates the rights of another. As such, to bring an action under § 1983, a plaintiff must allege that an independent right has been violated. Giving Kelley's complaint a lenient interpretation, the court construes his claims to be a violation of his right to privacy and, because he cites it, HIPPA, which regulates the use and disclosure of protected health information held by "covered entities." *See, e.g.*, 45 C.F.R. §164.502.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). While Kelley does not directly assert a claim for a violation of HIPAA, because it is mentioned in the inmate grievance attached to the complaint, the court will address it under § 1983. (Am. Compl. Ex. A(2).) But even if Kelley is attempting to assert a claim under HIPAA, "[t]he Fourth Circuit has squarely held that the statute does not create a private cause of action, and thus that a § 1983 claim cannot be based on a violation of HIPAA." *Braxton v. Fletcher*, No. 7:21CV00051, 2022 WL 13743480, at *10 (W.D. Va. Oct. 24, 2022) (citing *Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021)).

But the Fourth Circuit has recognized "that the constitutional right to privacy extends to the individual interest in avoiding disclosure of personal matters." *Payne v. Taslimi*, 998 F.3d 648, 655 (4th Cir. 2021) (applying the constitutional right of privacy to an inmate's claim that, when a doctor revealed the inmate was HIV+, he violated his constitutional rights). In determining whether an individual's right to privacy has been violated, the court asks two questions: (1) whether the information sought entitled to privacy protection; and (2) if it is, whether there a compelling governmental interest in disclosure that outweighs the individual's privacy interest. *Id.* at 656. In determining if the information is entitled to protection, the court uses a "reasonable expectation of privacy" test. *Id.* (citing *Katz v. United States*, 389 U.S. 347, 360 (1967) (Harlan, J., concurring)).

In *Payne*, the Fourth Circuit held that a prisoner had no reasonable expectation of privacy in his HIV diagnosis, and that the disclosure of that diagnosis did not violate his

privacy rights. *Id.* at 648, 658. In so doing, the court noted that "the limits on an inmate's expectations of privacy are particularly strong where the information he seeks to protect relates to the institutional safety of the prison." *Id.* at 659 (citing *Hudson v. Palmer*, 468 U.S. 517, 519 (1984)). While *Payne* dealt with a communicable-disease diagnosis, nothing about Kelley's purported privacy interest takes it outside the ambit of the court's holding. In fact, Kelley alleges only that he suffered from a "heart ailment of some sort" (Am. Compl. ¶ E), and his complaint is otherwise devoid of any allegations that would suggest, let alone establish, that his type of medical information warrants greater protections than an often-stigmatized communicable disease, like HIV. Without more, Kelley has failed to allege sufficient facts that would establish that he had a "reasonable expectation of privacy" in a class of information that "society is prepared to recognize as reasonable." *Katz*, 389 U.S. at 360–61 (Harlan, J., concurring).

Kelley also alleges that "Officer Kiger discussed [his] medical condition with Officer Kirtley and other person[n]el" (Am. Compl. Ex. A(2).) This allegation does not change the court's conclusion. Inmates have qualified expectations of privacy, often limited to "bodily privacy and integrity," *Payne*, 998 F.3d at 658, and "[p]rison officials 'should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security,'" *In re Long Term Admin. Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 469 (4th Cir. 1999) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). Kelley's allegation that the exchange of basic information about his hospital visit between prison officials violated his right to privacy is simply insufficient to overcome this "wide-ranging deference." Because

- 4 -

Kelley may not pursue an alleged violation of HIPAA under § 1983, and because he has not otherwise established a "reasonable expectation of privacy" in the medical information at issue, he has failed to state a claim for unconstitutional infringement of privacy. *Accord Davis v. Johnson*, Civil Action No. 2:21-cv-2311-BHH, 2023 U.S. Dist. LEXIS 21244, at *4–5 (D.S.C. Feb. 7, 2023)

### III.

The court next considers Kelley's claim arising from the prison's policy regarding wearing a Kufi. To state a claim for a violation of an inmate's right to free exercise of religion under the First Amendment, a plaintiff must allege that (1) "he holds a sincere religious belief," and (2) "a prison practice or policy places a substantial burden on his ability to practice his religion." *Wilcox v. Brown*, 877 F.3d 161, 168 (4th Cir. 2017).[1] A substantial burden is "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* at 168 (quoting *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981)). "[A] prisoner's allegation that his religious beliefs *require* a particular practice, participation or ritual that prison officials have not allowed is sufficient to plead the substantial burden element of a First Amendment free exercise claim." *Lester v. Sw. Va. Reg'l Jail Auth.*, No. 7:20CV00160, 2021 WL 792779, at *6 (W.D. Va. Mar. 2, 2021) (emphasis added).

---

[1] Kelley does not mention the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq.*, but the court recognizes that a claim may have been brought under that statute as well as the First Amendment. Under both the First Amendment and RLUIPA, the plaintiff bears the initial burden of establishing that a defendant imposed a substantial burden on his religious exercise, making the analysis the same in this case. *See Ofori v. Fleming*, No. 7:20-CV-00344, 2022 WL 3584904, at *6–7 (W.D. Va. Aug. 22, 2022). Because Kelley's claim is insufficiently pleaded under the First Amendment (as discussed more fully below), it would also fail to state a claim under RLUIPA.

Kelley's complaint falls well short of this standard. He does not allege that wearing the Kufi is *required* as part of his faith, only that it is a practice associated with it. Specifically, he contends that "as a practicing Sunni Muslim various pieces of religious garb are worn during and throughout the day." (Am. Compl. Ex. B(1).) And as for restrictions on him, he alleges only that he "was informed . . . that the Kufi must be purchased from the Commissary and it could only be worn and adorned in [his] cell and not in the presence of others in the Pods, Halls or outside locations." (Am. Compl. Ex. B(1).) Mindful that "courts must not judge the significance of the particular belief or practice in question," *Lovelace v. Lee*, 472 F.3d 174, 187 n.2 (4th Cir. 2006), there is a meaningful distinction between a practice associated with a religion that an inmate wishes to partake in and a requirement or tenet of that religion. A restriction on a core tenet or requirement necessarily burdens the ability to practice said religion. But Kelley does not claim that he must where the Kufi at all times (or even that it must be worn at all), or that the restrictions on wearing it outside his cell would burden his practice of religion, let alone substantially. Merely hand-waving at a policy that imposes some conditions and restrictions on the wearing of a religious garb does not suffice to state a claim for violation of the Free Exercise clause under § 1983. *See Al-Fuyudi v. Corr. Corp. of Am.*, No. CIV-12-1170-D, 2016 U.S. Dist. LEXIS 37750 (W.D. Okla. Jan. 26, 2016) (holding that Plaintiff's claim that a prison policy forbidding inmates from wearing Kufi outside of religious services violated his right to free exercise of religion was insufficient to state a claim under § 1983 because he failed to allege, among other things, how the inability to wear the Kufi at all times violated a core tenet of his faith or substantially burdened his religious exercise). Indeed, courts have consistently held that complaints which fail to explain how or why a

restriction is burdensome do not state a plausible Free Exercise claim. *See, e.g.*, *Adams v. Corr. Emergency Response Team*, 857 F. App'x 57, 60 (3d Cir. 2021) ("[T]he claim fails for amounting to nothing more than a 'mere assertion of a religious belief.'"); *see also Hainey v. Carney*, No. 22-CV-1387, 2022 WL 1308510, at *7 (E.D. Pa. May 2, 2022) (concluding a complaint did not state a plausible free exercise claim when the plaintiff did not "explain how the lost property was required for him to exercise his faith.").

In sum, Kelley's complaint, even construed liberally, falls well short of plausibly alleging that wearing the Kufi at times and places prohibited by the prison is a required part of his faith, or that these restrictions otherwise impose a substantial burden on his practice of it. His complaint therefore fails to state a claim and must be dismissed.

### IV.

For the reasons discussed, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Kelley.

**ENTERED** this 21st day of July, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE